UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARCUS HOWELL, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.: 4:25-cv-04230 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, MARCUS HOWELL ("HOWELL"), by counsel, for their Complaint against the Defendant, UNITED STATES OF AMERICA ("Defendant" and/or "USA"), and for cause, would respectfully show as follows:

**INTRODUCTION**

1. This is an action against the Defendant UNITED STATES OF AMERICA under the Federal Tort Claims Act, (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for negligence in connection with a pedestrian-auto crash involving Plaintiff MARCUS HOWELL in Houston, Texas.

2. The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for money damages as compensation for personal injuries caused by the Defendant.

3. Plaintiff HOWELL has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act. *Standard Form 95 attached as Exhibit A.*

4. This suit has been timely filed, in that Plaintiff timely served initial notice of her claim on or about March 7, 2023, on the United States Postal Service (USPS). *Hinojosa Law Notice Letter to United States Postal Service (certified mail) attached as Exhibit B.*

5. Plaintiff formally filed her administrative claims on February 12, 2025, within two years after the incident forming the basis of this suit. *Acknowledgement of Receipt of Claims from Tort Claims Examiner, attached as Exhibit C.*

6. Over six (6) months have passed since the date of presentment, and Plaintiff has not received a response. Plaintiff is now filing this Complaint pursuant to 28 U.S.C. §2401(b) as the action began over six months after Plaintiff filed his administrative claim. *See id.*

7. Accordingly, Plaintiff now brings this lawsuit for the injuries and damages he sustained as a result of the incident, which occurred on February 14, 2023. The acts and/or omissions set forth above would constitute a claim under the law of the State of Texas.

## PARTIES, JURISDICTION AND VENUE

8. Plaintiff HOWELL is, and at all times relevant hereto was, a resident of Montgomery County, Texas.

9. Defendant UNITED STATES OF AMERICA, pursuant to the Federal Rules of Civil Procedure (FRCP) 4(i), may be served with service of process by and through the Honorable Nicholas J. Ganjei, Esq., Acting United States Attorney, Southern District of Texas, 1000 Louisiana, Ste. 2300, Houston, Texas 77002 and by sending a copy by certified mail to the Honorable Pamela Bondi, United States Attorney General, U.S. Department of Justice, 950 Pennsylvania NW, Washington, D.C. 20530-0001.

10. Defendant UNITED STATES OF AMERICA, including its directors, officers, operators, administrators, employees, agents, and staff at the United States Postal Service Office in La Feria, Texas are hereinafter collectively referred to as "USPS."

11. At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff were employed by, acting within the scope of employment and/or acting on behalf of the Defendant. Furthermore, the Defendant is responsible for

the negligent acts of their employees and agents under respondeat superior.

12. Jurisdiction is proper under 28 U.S.C. §1346(b)(1) and 2671 - 2680.

13. Venue is proper under 28 U.S.C. §1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Southern District of Texas, Brownsville Division.

## FACTUAL ALLEGATIONS

14. On or about February 14, 2023, Plaintiff was a pedestrian walking westbound near the 1100 block of Missouri Street in Houston, Texas. As Plaintiff proceeded walking through the intersection with the right of way, Defendant's employee Jayson May, disregarded the stop sign at the intersection and hit Plaintiff's body. Due to the violent impact, Plaintiff's body was thrown approximately 10 feet before landing on the ground. At all times, driver Jayson May was within the course and scope of his employment with Defendant United States of America's United States Postal Service (USPS) agency. Jayson May negligently disregarded the stop sign, failed to keep a proper lookout, and failed to control his speed, causing him to violently strike Plaintiff's body. As a proximate result of the collision, Plaintiff sustained physical, emotional and psychological injuries.

15. Additionally, Plaintiff has endured significant mental and emotional distress and trauma as a result of his injuries.

16. Plaintiff would show that nothing he did or failed to do on the occasion in question caused or in any way contributed to cause his injuries.

## CAUSES OF ACTION

## COUNT 1 - NEGLIGENCE AND NEGLIGENCE PER SE

17. Plaintiff realleges and reincorporates each and every allegation above as if fully set forth herein.

3

18. Defendant's negligence was a proximate cause of Plaintiff's injuries and damages. At all times relevant to this matter, Defendant's employee, Jayson May was in the course and scope of his employment with Defendant United States of America's Postal Service Department. As such, Defendant is responsible for the acts of its driver under the theory of Respondeat Superior.

19. The conduct of Defendant constituted negligence and negligence per se as those terms are understood in law and such conduct was a proximate cause of the occurrence made the basis of this suit.

20. Defendant's conduct described herein constitutes an unexcused breach of duty imposed by the Texas Transportation Code including but not limited to sections, 552.003 and 544.010, which allows for tort liability when violated.

   1. Defendant's employee failed to comply with the Texas Transportation Code.

   2. Plaintiff is a member of the class that this section of the Texas Transportation Code was designed to protect and his injuries are of the type this section was designed to prevent.

   3. Defendant's unexcused acts and omissions breached the duty imposed by this section of the Texas Transportation Code, which proximately caused the Plaintiff's injuries described herein.

   4. Defendant was negligent in one or more but not limited to the following non-exclusive particulars:

       a. Failing to properly train Jayson May;

       b. Negligently hiring Jayson May;

4

    c.    Permitting Jayson May to operate a vehicle in an unsafe manner and condition;

    d.    Failing to obey traffic regulations;

    e.    Failing to supervise Jayson May;

    f.    Creating a hazard and endangering the lives of others; and

    g.    In more particularity to be shown at trial.

21. Plaintiff would show that such negligence proximately caused damages to Plaintiff more fully described below.

## COUNT II - VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENCY

22. Plaintiff realleges and reincorporates each and every allegation above as if fully set forth herein.

23. Jayson May, during the occurrence in question was, at all material times, acting within the course and scope of his employment and under the direction and/or control of Defendant United States of America. At the time and on the occasion in question and immediately prior thereto, Jayson May was engaged in the furtherance of Defendant United States of America's business, and said Defendant is liable for the injuries to the Plaintiff under the doctrine of Respondeat Superior, vicarious liability, and any applicable theories of Agent/Servant Liability.

24. Plaintiff would show that such negligence proximately caused damages to Plaintiff more fully described below.

## COUNT III - NEGLIGENT ENTRUSTMENT

25. Defendant was negligent in one or more of the following ways:

    a.    In negligently entrusting the vehicle they owned to Jayson May, when said

5

        Defendant knew, or in the exercise of ordinary care and reasonable diligence should have known that Jayson May was not a competent driver of such vehicle; and

    b. In giving permission to Jayson May to drive such vehicle and making said vehicle available to him by placing the same at his disposal.

## TOTAL DAMAGES

26. As a direct and proximate result of Defendant's negligence, Plaintiff MARCUS HOWELL sustained serious and permanent personal injuries in and about her body, she has incurred medical expenses, and other damages, and will continue to incur medical expenses and other damages in the future; he was forced to endure physical pain, mental anguish, and physical impairment and will continue to endure physical pain, mental anguish, and physical impairment in the future; he has suffered a loss of the enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future; and he has disfigurement and will continue to suffer from disfigurement in the future.

## PRESERVING EVIDENCE

27. Plaintiff hereby requests and demands that Defendant preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting there from, including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, tenant files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voicemail, text messages, any evidence involving the incident in question, and any electronic images or information related to the referenced

6

incident or damages.  Failure to maintain such items will constitute "spoliation" of the evidence.

## PRAYER

28. Plaintiff adopts by reference and incorporates per FRCP 10(c) herein by reference each and every allegation and paragraph contained above.

29. WHEREFORE, Plaintiff MARCUS HOWELL does hereby pray that judgment be entered in her favor and against the Defendant as follows:

1) Medical expenses, physical pain and mental anguish, physical impairment, disfigurement, and loss of enjoyment of life totaling $300,000.00;

2) Taxable Costs, past and future, incurred in this civil action, together with such further and additional relief at law or in equity that this Court may deem proper; and;

3) Interest.

Respectfully submitted,

HINOJOSA LAW, PLLC

By: /s/ *Daniela A. Fuentes*
Richard A. Hinojosa
State Bar No. 24068885
Fed. Bar No. 1143270
Daniela A. Fuentes
State Bar No. 24125606
Fed. Bar No. 3846955
3904 Brandt Street
Houston TX 77006
Telephone: (713) 884-1663
Facsimile: (713) 422-2493
Email: dfuentes@hinojosalaw.com
Email: richardhinojosa@hinojosalaw.com
**Attorneys for Plaintiff**